Filed 2/3/22  P. v. Evans CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES EDWIN EVANS,<br><br>    Defendant and Appellant. | F080113<br><br>(Super. Ct. No. CF92469952)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Eric Christoffersen, Lewis Martinez, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P. J., Detjen, J. and Franson, J.

## INTRODUCTION

In 1992, a jury convicted petitioner James Edwin Evans of premeditated attempted murder (Pen. Code,[1] §§ 187, 664).[2]  (*People v. McGowan, et al.* (Mar. 14, 1995, F019199) [nonpub. opn.] (*McGowan*).)  For this offense, he was sentenced to a term of life with the possibility of parole.

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. The court summarily denied the petition on the ground section 1170.95 does not apply to convictions for attempted murder.

During the pendency of this appeal, section 1170.95 was amended to expressly permit resentencing of certain persons convicted of attempted murder under a natural and probable consequences theory.  (§ 1170.95, subd. (a); see Sen. Bill No. 775 (2021-2022 Reg. Sess.), Stats. 2021, ch. 551, §§ 1-2.)  Additionally, the parties agree the abstract of judgment contains clerical errors requiring correction.  In light of the foregoing, we reverse the trial court's order denying the petition and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying petitioner's offenses may be summarized briefly as follows.[3] On the evening of July 7, 1992, William M. was home alone when he was awakened by someone banging on his bedroom window.  At the window, he saw petitioner's codefendant, Eric DeWayne McGowan.[4]  William let McGowan into the home, where

---

[1] Undesignated statutory references are to the Penal Code.

[2] Petitioner was convicted of additional offenses and enhancements, as described below.

[3] We provide these facts for background purposes because they were recited by both parties in their briefing.  However, we do not rely on these facts in resolving the issues presented in this appeal.  (See § 1170.95, subd. (d)(3).)

[4] William's father had once been married to McGowan's mother, and William and McGowan considered each other brothers or stepbrothers.  (*McGowan*, *supra*, F019199.) Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names.  No disrespect is intended.

McGowan displayed a .22-caliber rifle and joked that he was going to shoot William. Three additional masked men eventually entered the home. McGowan chased William and put the rifle to William's head. The other men tried to knock William down and sprayed a chemical substance in William's eyes. McGowan told the men to kill William. The men kicked William. William was stabbed several times and McGowan pointed a gun at him. William eventually escaped. The next morning, police apprehended petitioner, McGowan, and codefendant Andress A. Yancey at McGowan's motel room. McGowan identified petitioner and Yancey, as well as a man named Todd, as " 'probably' " being the individuals who accompanied him to William's house on the night of the incident. A necklace belonging to petitioner was found at the crime scene. Petitioner denied any involvement in or knowledge of the offenses. (*McGowan*, *supra*, F019199.)

On September 18, 1992, the Fresno County District Attorney filed an information charging petitioner with premeditated attempted murder (§§ 187, 664; count one), assault with a deadly weapon (to wit, a knife) and by means of force likely to produce great bodily injury (§ 245, former subd. (a)(1); count two), first degree robbery (§§ 211, 212.5; count three), and residential burglary (§§ 459, 460; count four). As to each count, the People alleged enhancements for personal infliction of great bodily injury (§ 12022.7) and that a principal was armed with a firearm (§ 12022, subd. (a)(1)). Additionally, the People alleged petitioner had a prior serious felony conviction (§§ 667, subd. (a), 1192.7, subd. (c)), and had three prior felony convictions for which he had served a term of imprisonment (§ 667.5, former subd. (b)).[5]

_____

[5] The information alleged the same offenses with respect to McGowan and Yancey, and further alleged that Yancey unlawfully possessed a firearm (§ 12021; count five), and that McGowan and Yancey personally inflicted great bodily injury (§ 12022.7), Yancey personally used a knife (§ 12022, subd. (b)), McGowan personally used a firearm (§ 12022.5, subd. (a)), and, as to Yancey, a principal was armed with a firearm (§ 12022,

Petitioner, McGowan, and Yancey were tried together. On December 18, 1992, the jury found petitioner guilty as charged on all counts, and found true the allegations that he personally inflicted great bodily injury and a principal was armed with a firearm.[6] In bifurcated proceedings, the court found petitioner suffered a prior serious felony conviction and had served three prior prison terms.

On January 28, 1993, the court sentenced petitioner on count one to a term of life with the possibility of parole, and on count three to a consecutive term of six years, with a one-year term for the arming enhancement, a three-year term for the great bodily injury enhancement, a five-year term for the serious felony enhancement, and three one-year terms for each of the prison term enhancements.[7] Sentence on counts two and four, and sentence on the enhancements to count one, was imposed and stayed. (§ 654.)

On appeal, this court reversed the great bodily injury enhancements as unsupported by the evidence, and remanded for the trial court to prepare amended abstracts of judgment. In all other respects, we affirmed.[8] (*McGowan*, *supra*, F019199.)

---

subd. (a)(1)). The information further alleged Yancey had a prior serious felony conviction (§§ 667, subd. (a), 1192.7, subd. (c)).

[6] During jury deliberations, Yancey entered a plea of no contest to unpremeditated attempted murder, and he admitted a prior serious felony conviction as well as enhancements for personal infliction of great bodily injury, personal use of a knife, and a principal being armed with a firearm. The jury found McGowan guilty as charged on all counts and found he personally inflicted great bodily injury and personally used a firearm as to each offense.

[7] It appears petitioner's prior prison term enhancements recently were rendered invalid. (Sen. Bill No. 483 (2021-2022 Reg. Sess.); see § 1171.1, subd. (a).) On remand, the trial court shall address whether the prior prison term enhancements must be stricken and defendant resentenced pursuant to section 1171.1.

[8] On remand, the trial court amended the determinate abstract of judgment to reflect the great bodily injury enhancements were stayed, rather than stricken. Subsequently, in 2014, the trial court received a letter from the Department of Corrections and Rehabilitation, noting that it did not have an amended indeterminate abstract of judgment bearing petitioner's name. Thereafter, the trial court amended the indeterminate abstract of judgment to reflect the great bodily injury enhancement was

On August 16, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. Petitioner checked every box on the form petition, stating that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. He further averred that he was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime. He also alleged he was convicted of second degree murder under the felony-murder rule or the natural and probable consequences doctrine, and a court or jury previously determined he was not a major participant and did not act with reckless indifference to human life.

On August 23, 2019, the People filed an opposition to the petition, arguing the petition was facially deficient because petitioner (1) provided incorrect superior court case numbers for his underlying criminal case, (2) failed to serve the District Attorney's office, and (3) incorrectly asserted he was convicted of murder. Additionally, the People argued petitioner was ineligible for relief because he was charged with and convicted of attempted murder, rather than murder.

On September 4, 2019, the trial court denied the petition with prejudice on the ground that resentencing "is not available to persons convicted of attempted murder." The trial court also noted petitioner failed to provide his inmate number, name of penal institution, and address.

This timely appeal followed.

stayed. However, in so doing, the court erroneously amended the arming enhancement to reflect a four-year term under section 12022.5, subdivision (a), rather than the one-year term under section 12022, subdivision (a)(1), which the court had originally imposed.

5.

**I. Section 1170.95 Petition**

**A. Applicable Law**

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[9] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.) This procedure is available to persons convicted of "felony murder or murder

---

[9] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief.

(§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.)  In making this determination, the court may rely on the record of conviction.  (*Lewis*, at pp. 970-971.)  However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts."  (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).)  At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (§ 1170.95, subd. (d)(3).)  The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens.  The admission of evidence at the hearing is governed by the Evidence Code.  However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion."  (§ 1170.95, subd. (d)(3).)  Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule.  (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing.  (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## B. Analysis

As an initial matter, the trial court erred in failing to appoint counsel to represent petitioner. Our Supreme Court recently clarified that counsel must be appointed if requested, and briefing must proceed, upon the filing of a facially sufficient petition. (*Lewis*, *supra*, 11 Cal.5th at pp. 962-963, 967.) Accordingly, appointment of counsel and a full opportunity for briefing were required by section 1170.95, subdivision (c). (See *Lewis*, at pp. 961-963, 967.) The court erred in disposing of the petition without following these procedures.

Additionally, the court's stated grounds for denying the petition are no longer tenable. At the time the trial court considered the petition, section 1170.95 did not expressly permit a petition for resentencing on convictions for attempted murder. (§ 1170.95, former subd. (a).) However, section 1170.95 since has been amended to "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Sen. Bill No. 775 (2021-2022 Reg. Sess.), Stats. 2021, ch. 551, § 1, subd. (a).) The trial court's order denying the petition is not yet final and Senate Bill No. 775 has already taken effect. Therefore, the revisions set forth in Senate Bill No. 775 apply to the instant petition. (*People v. Vieira* (2005) 35 Cal.4th 264, 305-306; *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5 [a criminal judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed].)

The People do not argue otherwise, but instead maintain petitioner remains ineligible for resentencing under the law, as amended. According to the People, the jury instructions on aiding and abetting reflect that petitioner was not convicted of attempted murder under a natural and probable consequences theory, but rather as a direct aider and abettor. In response, petitioner concedes the jury was not expressly instructed on the natural and probable consequences doctrine, but contends the instructions as a whole

9.

nonetheless permitted the jury to convict him of attempted murder under an imputed malice theory. (See § 1170.95, subd. (a) [permitting a petition where a petitioner was convicted based on a "theory under which malice is imputed to a person based solely on that person's participation in a crime"].)

We may affirm the trial court's order only if petitioner was not prejudiced by the court's errors. To demonstrate prejudice, petitioner must show that, absent the errors, it is reasonably probable his petition would not have been denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) We conclude petitioner has met this burden.

The jury was instructed that "[a] person aids and abets the [commission] of a crime when he or she, [¶] (1) with knowledge of the unlawful purpose of the perpetrator and [¶] (2) with the intent or purpose of committing, encouraging, or facilitating the commission of the crime, by act or advice aids, promotes, encourages or instigates the commission of the crime." The jury was instructed that an aider and abettor is "equally guilty" as one who directly and actively commits the crime. The jury was further instructed that murder "is the unlawful killing of a human being with malice aforethought." The jury was instructed murder requires proof that "[*t*]*he person committing such act* harbored express malice aforethought, namely a specific intent to kill unlawfully another human being." (Italics added.) As for attempted murder, the jury was instructed that "[the] acts of a person who intends to kill another person will constitute an attempt where those acts clearly indicate a certain, ambiguous intent to kill." With regard to the allegation the attempted murder was willful, deliberate, and premeditated, the jury was instructed "*the would-be slayer* must weigh and consider the question of killing and the reasons for and against such a choice . . . ." (Italics added.)

These instructions, read together, are not a model of clarity regarding the acts and mens rea required to find an aider and abettor guilty of premeditated attempted murder. Furthermore, the record on appeal does not contain the trial transcripts, and we therefore

do not know whether the arguments of counsel may have compounded this uncertainty. Perhaps unsurprisingly, during deliberations, the jury queried, "Does the law regarding aiding and abetting apply equally to the crime of attempted murder?" The court responded in the affirmative and referred the jury back to "the aiding and abetting instructions previously given."

Significantly, this court found the natural and probable consequences doctrine applicable in petitioner and McGowan's direct appeal. There, McGowan challenged the sufficiency of the evidence to support a finding he aided and abetted the crimes, as well as whether the jury instructions on aiding and abetting were proper and sufficient. We noted that an aider and abettor "is liable for the natural and reasonable or probable consequences of any act he knowingly aided or encouraged," and that "derivative criminal liability of an aider and abettor for a perpetrators' crime may exist even though that crime was unintended by the aider and abettor." We explained, "The perpetrator's criminal act must be the probable and natural, the natural and reasonable, or the reasonably foreseeable consequence of a criminal act encouraged or facilitated by the aider and abettor." (*McGowan*, *supra*, F019199.) We concluded McGowan was criminally liable as an aider and abettor, "even though the actual perpetrators' crimes may have been unintended by [him]." (*Ibid*.) We reached this conclusion despite the lack of a specific instruction on the natural and probable consequences doctrine having been given to the jury.

In light of the ambiguity in the instructions, the procedural posture of the case, and the People's bare argument, we cannot conclude petitioner is ineligible for resentencing as a matter of law or that an evidentiary hearing was properly denied on the record before us. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) The People did not argue below that the aider and abettor instructions rendered petitioner ineligible for resentencing, and the trial court denied the petition solely on the ground that resentencing "is not available to persons convicted of attempted murder." In general, the determination of whether

11.

petitioner has stated a prima facie claim for resentencing relief should be made by the trial court in the first instance, following appointment of counsel, briefing, and a hearing. (§ 1170.95, subd. (c).) Accordingly, we will remand for the trial court to conduct such proceedings as necessary to determine whether petitioner is entitled to an order to show cause. (§ 1170.95, subd. (c).) We express no opinion on the merits of the petition.

## II.     Corrections to Abstracts of Judgment

The parties agree that the abstracts of judgment contain clerical errors requiring correction on remand.

Both the determinate and indeterminate abstracts of judgment list great bodily injury enhancements. These enhancements were stricken by this court in petitioner's direct appeal. (*McGowan*, *supra*, F019199.) The abstracts of judgment must be corrected, and no great bodily injury enhancements shall be included.

In addition, the indeterminate abstract of judgment reflects a four-year term imposed on an enhancement for personal use of a firearm (§ 12022.5, subd. (a)). However, petitioner was not charged with personal use of a firearm and the jury made no such finding. Rather, petitioner was charged with, and the jury found true, an arming enhancement pursuant to section 12022, subdivision (a)(1). For this enhancement, the court originally imposed and stayed a one-year term. The erroneous imposition of a four-year firearm enhancement pursuant to section 12022.5 appears to have occurred when the court amended the indeterminate abstract of judgment at the request of the Department of Corrections and Rehabilitation. (See fn. 8, *ante*.) Accordingly, the abstracts of judgment must be corrected to remove the four-year section 12022.5, subdivision (a) enhancement, and replace it with the one-year section 12022, subdivision (a)(1) enhancement as imposed and stayed by the court.

## DISPOSITION

The September 4, 2019 order denying petitioner's section 1170.95 petition is reversed. On remand, the trial court is directed to appoint counsel to represent petitioner

12.

and to conduct further proceedings on the petition in light of the principles set forth herein. The court is further directed to correct the abstracts of judgment as stated herein, and to address whether petitioner's prior prison term enhancements (§ 667.5, former subd. (b)) must be stricken and defendant resentenced pursuant to section 1171.1.